UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHARLES COBB

    Plaintiff,

V.

CLC CONSUMER SERVICES CO.    CIVIL ACTION NO.

    Defendant    JANUARY 10, 2008

308CV175AWT

2008 FEB -1  A 11: 19

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 3 1692; the Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. 3 36a-645 or the Consumer Collection Agency Act, Conn. Gen. Stat. 3 36a-800 and regulations issued thereunder; and the Connecticut Unfair Trade Practices ("CUTPA"), Conn. Gen. Stat. 3 42-1 10a.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in CT.

4. Plaintiff is a consumer within the FDCPA.

5. On or about May 15, 2007 Plaintiff's attorney notified Defendant of Plaintiff's representation. Notwithstanding such notice Defendandant continued to contact Plaintiff. Defendant violated C.G.S.A.§ 36A 805b and C.G.S.A. § 36a-801 (a) which states that "No person shall act within this state as a consumer collection agency without a consumer collection agency license." The Defendant is not a registered Consumer Collection Agency in the State of Connecticut.

6. Defendant violated C.G.S.A. § 36a-805 which states that no consumer collection agency shall "...purchase or receive assignments of claims for the purpose of collection or institute suit thereon in any court"; or engage in any activities prohibited by sections 36a-800 to 36a-810, inclusive. Defendant purchased this debt in an attempt to collect on it.

7. Defendant violated 15 U.S.C. §§ 1692e by misrepresenting that Defendant is able to collect debts in the State of Connecticut.

8. Defendant violated 15 U.S.C. §§ 1692n by violating state laws C.G.S.A. § 36a-805 and C.G.S.A. § 36a-801.

9. On or about November 13, 2007 Defendant violated 15 U.S.C. §§ 1692c by contacting Plaintiff after having knowledge that Plaintiff was represented by an attorney.

10. Defendant violated 15 U.S.C. §§ 1692g by denying Plaintiff debt validation opportunity by demanding payment within 10 days.

11. Defendant violated 15 U.S.C. §§ 1692n by violating state laws C.G.S.A. § 36a-805 and C.G.S.A. § 36a-801.

12. In the collection efforts, Defendant violated the FDCPA, *inter alia, section* 1692c, -e, -g and –n.

**Second Count.**

13. The allegations of the First Count are repeated and realleged as if fully set forth herein.

14. Within three years prior to the date of this action Defendant has engaged in acts and practices as to plaintiff in violation of the Creditors' Collection Practices Act, 336a-645 *et seq.*, or the Consumer Collection Agency Act, section 36a-800 *et seq.* Conn. Gen. Stat.

15. Defendant has committed unfair or deceptive acts or practices within the

meaning of the Unfair Trade Practices Act, Conn. Gen. Stat. 42-110a *et seq*.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff such damages as are permitted by law, both compensatory and punitive, including $1,000 statutory damages for each communication against the Defendant;

2. Award The Plaintiff costs of suit and a reasonable attorney's fee;

3. Award declaratory and injunctive relief, and such other and further relief as law or equity may provide.

THE PLAINTIFF

BY /s/ Max Rosenberg

Max L. Rosenberg
Thornberry & Rosenberg, LLC
3333 Main Street
Stratford, CT 06614
Tel (203)380-8189
Fax (203)380-8191
Fed. Juris No. ct 26742